**Commonwealth v. Teeter**

*Merrill W. Kerlin,* for Commonwealth.

*Robert W. Geigley,* for defendant.

MacPHAIL, P. J., July 28, 1971.—In this case, defendant was charged, indicted, and found guilty by a jury of operating a motor vehicle without a valid Pennsylvania operator's license, this being his second offense under section 601 of The Vehicle Code, Act of May 29, 1959, P. L. 58, as amended 75 PS §601. Defendant has filed a motion for a new trial. Briefs have been filed and oral arguments heard.

From the testimony in the case, it appears that defendant was operating a truck-tractor on the Pennsylvania Turnpike when he was stopped for speeding. When defendant was requested to produce his registration card and operator's license, he exhibited a registration card showing himself as the registered owner of the vehicle he was driving. On the registration card defendant's address was given as, "R.D. 1, Box 2888, Conemaugh, Pa." Defendant also produced a valid Ohio operator's license showing Defendant's address as, "1756 Brockton Drive, Youngstown, Ohio." When the investigating officer checked with the Bureau of Traffic Safety of the Commonwealth of Pennsylvania, he was informed that Defendant's address on the bureau records was, "R. D. 1, Box 2888, Conemaugh, Pa." and that defendant had been previously arrested on June 3, 1969, for operating a motor vehicle in Pennsylvania without a valid Pennsylvania operator's license. An exhibit to that effect was introduced at the trial of the case.

In his defense, defendant contended that he was not a resident of Pennsylvania, that he was a bona fide resident of Ohio and that he was therefore exempt from the requirements of section 601 under the provisions of 603 of The Vehicle Code. Therefore, the sole

issue in the case is whether defendant was exempt from the Pennsylvania licensing requirements because he was allegedly a nonresident.

With respect to defendant's place of residence, the testimony disclosed that: (a) defendant lived at 1756 Brockton Drive, Youngstown, Ohio, with three other people; (b) his wife lived at R. D. 1, Conemaugh; (c) defendant was not separated from his wife; (d) defendant operates a garage at R. D. 1, Conemaugh, where he employs other people and (e) defendant also operates a business at 1756 Brockton Drive, Youngstown, Ohio.

Under section 603 of The Vehicle Code, a "non-resident" is exempted from the licensing provisions of section 601. A "non-resident" is defined in section 102 of the code as "any person not a resident of this Commonwealth." A "resident" is defined as "any person who has a regular place of abode or business in the Commonwealth for a period of more than thirty (30) consecutive days in the year (with exceptions not applicable here)."

As was noted in Commonwealth v. D'Alessandro, 8 Chest. R. 124 (1957), the legislature did not get involved in the "residence v. domicile" entanglement (see Commonwealth v. Rowley, 14 D. & C. 2d 676 (1958)), but instead talked only about "place of abode" when it defined the term "resident." Thus, defendant does not have to *live* or *abide* in Pennsylvania, but he need only maintain a place of abode for more than 30 consecutive days in a year: Commonwealth v. D'Alessandro, supra. In the case now before us, defendant had a home at R. D. 1, Conemaugh, where he had lived and where his wife is now living, from whom he is not separated. There could hardly be a clearer case of a "place of abode," nor is this situation complicated by the fact that defendant also contends

that he lives in Youngstown, Ohio. A person may have several residences simultaneously (see Raymond v. Leishman, 243 Pa. 64 (1914) and Commonwealth v. Golden, 76 D. & C. 561 (1951)), but, as we have previously said, the license requirement is not based upon place of residence, but rather upon place of abode.

Moreover, this defendant admitted that he had a place of business in Pennsylvania. We would agree with defendant that one could have a place of business in Pennsylvania and not be subject to the licensing provisions under certain circumstances. Here, however, the evidence is that defendant is in business as a sole proprietor, rather than as a partnership or corporation. It is a business involving the use of motor vehicles and he is an operator of one of those vehicles. While the strict construction of the statute may not always apply to all circumstances, it would certainly apply here with respect to defendant having a place of business in Pennsylvania.

Finally, defendant contends that since he *said* he was a nonresident and this was not contradicted by testimony from the Commonwealth, there was nothing for the jury to decide. In fact, of course, the credibility of defendant was what the jury had to determine. If they believed he had no place of abode or business in Pennsylvania, and that he was a "non-resident" living in Ohio, they would have acquitted him. However, it is obvious that the jury decided, for any one or all of the reasons we have discussed herein, that defendant was a "resident" of Pennsylvania as that term is defined in The Vehicle Code. Accordingly, he was required to have a Pennsylvania operator's license while operating a motor vehicle in Pennsylvania.

And now, July 28, 1971, the motion for a new trial is denied. Defendant is ordered to appear for sentence at the call of the district attorney.